**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**David Jones,**

**Plaintiff,**

**v.**

**Brian M. Keith and Margaret R. Keith,**

**Defendants.**

**Civil No. 00-2741(ADM/SRN)**

**ORDER**

---

David H. Shoup, Esq., on behalf of Plaintiff.

Timothy R. Thornton, Esq., on behalf of Defendants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on November 30, 2001, on Plaintiff's Motion to Compel Appearance of Defendant Brian Keith for Deposition and for Sanctions (Doc. No. 125), and Plaintiff's Motion to Amend Complaint (Doc. No. 128).

This Order addresses those motions.

**I. Plaintiff's Motion to Compel and for Sanctions.**

At the November 30 hearing, counsel for both parties were able to reach an agreement as to the scheduling of Defendant Brian Keith's deposition. The agreement provides for the following:

Plaintiff's counsel will take Brian Keith's deposition on December 11, 2001, at 8:30 a.m., at 630 S. 3rd Street, Las Vegas, Nevada.

FILED DEC 0 5 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

As a result of the above agreement, the Court denies, as moot, Plaintiff's Motion to Compel. The Court also denies both parties' requests for sanctions and costs associated with this motion.

## II. Plaintiff's Motion to Amend the Complaint.

### A. Facts.

The April 17, 2001 Pretrial Scheduling Order provides that: (1) discovery shall be commenced in time to be completed by October 1, 2001, and (2) all motions which seek to amend the pleadings or add parties must be served by May 30, 2001. On November 5, 2001, Plaintiff filed the present motion to amend the Complaint.

### B. Discussion.

Federal Rule of Civil Procedure 15(a) provides that a court may allow amendments to pleadings "when justice so requires." In interpreting this rule, the Supreme Court has stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded the opportunity to test his claims on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). Neither delay nor dilatory motive are sufficient in themselves to deny a party leave to amend a pleading. The delay or dilatory motive must result in prejudice to the party opposing the motion. Buder v. Merrill Lynch, Pierce, Fenner & Smith, 644 F.2d 690, 694 (8th Cir. 1981). Even if the adverse party would suffer some prejudice if the motion to amend were granted, that prejudice must be balanced against the hardship to the

moving party if the motion were denied. Id.

However, where "the time for both the amendment of pleadings and for the completion of discovery has expired, we conclude that the issue is most properly considered within the framework of Rule 16(b), Federal Rules of Civil Procedure." Alholm v. American Steamship Co., 167 F.R.D. 75, 77 (D. Minn. 1996). Rule 16(b) provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." The Local Rules specify that "[o]nce the pretrial discovery schedule is adopted, it shall not be extended or modified except upon written motion and for good cause shown." LR 16.3(a). Further, "[e]xcept in extraordinary circumstances, the motion fo extension shall be served and the hearing, if any, shall be scheduled prior to the expiration of the original pre-trial schedule deadlines." LR 16.3(c).

Plaintiff seeks to amend the Complaint to clarify that his claims encompass Defendant Margaret Keith's (Defendant) allegedly false statements to Northwest Airlines (Northwest), that Plaintiff attempted to rape her, and that he left her an obscene phone message. Plaintiff states that these allegations are intrinsically entwined with the current claims, and Defendant will not be unfairly prejudiced or surprised by this amendment.

Plaintiff concedes that the Complaint only alleged that Plaintiff's firing arose out of Defendant's statements to Northwest that he had been fired, and that she had not been fired, from Mary's Peak Aviation in Oregon. Nevertheless, Plaintiff explains that Defendant subsequently served an affidavit stating that she had reported to Northwest the alleged rape attempt, alleged obscene phone call, and that Plaintiff, rather than she, had been fired from Mary's Peak Aviation, all at the same time. Therefore, Plaintiff states, "[f]rom early in the case, the parties have been

on notice of the disputed facts surrounding Keith's statements to Northwest." Further, Plaintiff explains that the parties have already conducted discovery on the allegations of attempted rape and of leaving an obscene phone message. From these facts, Plaintiff concludes that Defendant will not be prejudiced by his amending the Complaint, and the Court should thus grant his motion.

Defendant responds that Plaintiff can not demonstrate either good cause, or extraordinary circumstances to justify bringing his motion at such a late date. Therefore, Defendant states that the Court should deny the motion. Defendant asserts that, at the latest, Plaintiff was made aware of Defendant's accusations of rape and of leaving an obscene message in March 1997. At that time, Northwest conducted its employment application and sexual harassment investigation, and the allegations were mentioned. Thus, Plaintiff was aware of these allegation at the time he filed his Complaint in January 1999, and had no reason not to include the claim in question at that time. Defendant contends that Plaintiff's delay demonstrates "lack of diligence," and he can demonstrate neither good cause, nor extraordinary circumstances to justify amending the Complaint at this late date.

In addition, Defendant asserts that she will be seriously prejudiced if the Complaint is amended. She explains that she has already filed a motion seeking summary judgment against all of the allegations in the current Complaint. Defendant states that if Plaintiff is permitted to amend the Complaint, she "will have to reexamine and possibly refile her entire summary judgment motion." Moreover, Defendant states that at this late date, she "is incapable of undertaking discovery or investigating the new claims." Therefore, if an additional claim is added, and she does not prevail on summary judgment, she will be forced to participate in a trial

for which she is not adequately prepared.

Lastly, Defendant notes that, under Minnesota law, the statutory period in which Plaintiff could bring this defamation claim has expired. And she argues that this fact further compounds the prejudice she will suffer if the Court grants Plaintiff's motion.

The Court denies Plaintiff's motion. The Court acknowledges that Rule 15 generally provides a liberal standard for amending the Complaint. However, the standard is justifiably heightened for a motion brought once both the deadlines for amending the pleadings, and for completion of discovery have expired. In the present case, all of the relevant facts underlying this additional claim were before Plaintiff the entire time the suit was pending. Plaintiff himself states this much in his supporting memorandum of law. Moreover, Plaintiff offers no justification for the delay. As a result, Plaintiff fails to demonstrate good cause or extraordinary circumstances to support his Motion.

**THEREFORE, IT IS HEREBY ORDERED that:**

(1) Plaintiff's Motion to Compel Appearance of Defendant Brian Keith for Deposition and for Sanctions (Doc. No. 125) is **DENIED AS MOOT;**

(2) Plaintiff's Motion to Amend Complaint (Doc. No. 128) is **DENIED.**

Dated: December 5, 2001

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge